Chief Justice Robertson
delivered the opinion of the Court»
Although various points are presented by the record in tins case, only one of them is deemed of sufficient importance or novelty to require particular notice.
The will of Mahan, directed his executors to sell his land, and vest the proceeds in bank stock. None of those nominated executors were qualified as such; and another person was appointed administrator with will annexed. The land, of course descended to the heirs of Mahan, of whom the lessor (Mrs. Clarkson) was one.
The counsel forthe plaintiff in error, required the •counsel for the plaintiff, to shew authority from the lessor for prosecuting the suit, alleging that she was opposed to the prosecution of it. The only authority which was relied on, was the right of the administrator to sell the land. The court considered this sufficient, and refused to dismiss the suit on the motion of the lessor; and whether the circuit court erred in this or not, is the only question which we shall consider.
We concur with the circuit court, as the administrator had a right to sell the land, he had a right to establish the title and obtain the possession, so that he might be able to make the sale without the risk of sacrificing the land, and might be able to put the purchaser in possesson.
He had a right, therefore, to use the names, of the heirs, or that of any one of them, if the title, as in this case, remained in only one, for the purpose of recovering the possession of the land prior to the date of it.
We perceive no error in the record.
Wherefore, the judgment of the circuit court is affirmed.